```
                          United States Bankruptcy Court
                          Middle District of Pennsylvania
```

In re:                                                            Case No. 17-01940-HWV
Brian Keith Daley                                                 Chapter 7
     Debtor

# CERTIFICATE OF NOTICE

```
District/off: 0314-1          User: admin              Page 1 of 1              Date Rcvd: Aug 11, 2017
                              Form ID: 318             Total Noticed: 10
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 13, 2017.
db              Brian Keith Daley,    755 Apple Tree Ln,    Mount Wolf, PA  17347-9010
4919714         Amerihome,    21300 Victory Blvd Ste 900,    Woodland Hills, CA  91367-7728
4919713         Bergdoll Law Offices,    300 W Market St,    York, PA  17401-1058
4919716         CHASE,    PO Box 1423,    Charlotte, NC  28201-1423
4919712         Daley Brian Keith,    755 Apple Tree Ln,    Mount Wolf, PA  17347-9010
4919717         First Capital Federal Credit Union,    PO Box 37603,    Philadelphia, PA  19101-0603
4919719         Marilyn J. Hempfing,    120 Deerfield Dr,    Hanover, PA  17331
4919720         Sears MasterCard,    PO Box 9001055,    Louisville, KY  40290-1055

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
4919715         EDI: BANKAMER.COM Aug 11 2017 19:03:00      Bank of America,    PO Box 15019,
                 Wilmington, DE  19886-5019
4919718         E-mail/Text: bankruptcy@huntington.com Aug 11 2017 19:04:01      Huntington National,
                 Dept. EAW25,    PO Box 1558,    Columbus, OH  43216-1558
                                                                                              TOTAL: 2

                ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 13, 2017                            Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 11, 2017 at the address(es) listed below:
              James Warmbrodt    on behalf of Creditor    AmeriHome Mortgage Company, LLC bkgroup@kmllawgroup.com
              John George Bergdoll, IV    on behalf of Debtor Brian Keith Daley kworley@bergdolllawoffices.com,
               G17691@notify.cincompass.com
              Steven M. Carr (Trustee)    carrtrustee@yahoo.com, pa31@ecfcbis.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                              TOTAL: 4
```

| | | |
|---|---|---|
| Debtor 1 | **Brian Keith Daley** | Social Security number or ITIN  xxx–xx–1674 |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court   Middle District of Pennsylvania

Case number:   1:17–bk–01940–HWV

# Order of Discharge                                                                                    12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Brian Keith Daley
aka Brian K. Daley

August 11, 2017

By the court:   *[signature]*

Honorable Henry W. Van Eck
United States Bankruptcy Judge

By: AutoDocketer, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                    **Order of Discharge**                    page 1

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**